UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGELIO ARCILLA, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>         v.<br><br>ANNA'S LINENS, INC.; and DOES 1 through 10, inclusive,<br><br>          Defendant. | Case No.: SACV 07-0034-JVS (MLGx)<br>Assigned to: Hon. James V. Selna<br><br>**[PROPOSED] STIPULATED**<br>**CONFIDENTIALITY AND**<br>**PROTECTIVE ORDER**<br><br>DISCOVERY MATTER |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

The Court hereby enters the following Stipulated Confidentiality And Protective Order:

    1.   DEFINITIONS

       1.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

       1.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or

SF/1446574v1

1    generated in disclosures or responses to discovery in this matter.

2    1.3    "Confidential" Information or Items: information (regardless of

3    how generated, stored or maintained) or tangible things that qualify for protection

4    under standards developed under F.R.Civ.P. 26(c).

5    1.4    "Highly Confidential – Attorneys' Eyes Only" Information or

6    Items: extremely sensitive "Confidential Information or Items" whose disclosure to

7    another Party or nonparty would create a substantial risk of serious injury that

8    could not be avoided by less restrictive means.

9    1.5    Receiving Party: a Party that receives Disclosure or Discovery

10   Material from a Producing Party.

11   1.6    Producing Party: a Party or non-party that produces Disclosure

12   or Discovery Material in this action.

13   1.7    Designating Party: a Party or non-party that designates

14   information or items that it produces in disclosures or in responses to discovery as

15   "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

16   1.8    Protected Material: any Disclosure or Discovery Material that is

17   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

18   1.9    Outside Counsel: attorneys who are not employees of a Party

19   but who are retained to represent or advise a Party in this action.

20   1.10   House Counsel:  attorneys who are employees of a Party.

21   1.11   Counsel (without qualifier): Outside Counsel and House

22   Counsel (as well as their support staffs).

23   1.12   Expert: a person with specialized knowledge or experience in a

24   matter pertinent to the litigation who has been retained by a Party or its counsel to

25   serve as an expert witness or as a consultant in this action and who is not a past or

26   a current employee of a Party or of a competitor of a Party's and who, at the time

27   of retention, is not anticipated to become an employee of a Party or a competitor of

28   a Party's.  This definition includes a professional jury or trial consultant retained in

1  connection with this litigation.

2         1.13    Professional Vendors: persons or entities that provide litigation

3  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

4  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

5  and their employees and subcontractors.

6         2.    SCOPE

7         The protections conferred by this Order cover not only Protected Material

8  (as defined above), but also any information copied or extracted therefrom, as well

9  as all copies, excerpts, summaries, or compilations thereof, plus testimony,

10  conversations, or presentations by parties or counsel to or in court or in other

11  settings that might reveal Protected Material.

12        3.    DURATION

13        Even after the termination of this litigation, the confidentiality obligations

14  imposed by this Order shall remain in effect until a Designating Party agrees

15  otherwise in writing or a court order otherwise directs.

16        4.    DESIGNATING PROTECTED MATERIAL

17        4.1    Exercise of Restraint and Care in Designating Material for

18  Protection. Each Party or non-party that designates information or items for

19  protection under this Order must take care to limit any such designation to specific

20  material that qualifies under the appropriate standards.  A Designating Party must

21  take care to designate for protection only those parts of material, documents, items,

22  or oral or written communications that qualify – so that other portions of the

23  material, documents, items, or communications for which protection is not

24  warranted are not swept unjustifiably within the ambit of this Order.

25        Mass, indiscriminate, or routinized designations are prohibited.

26  Designations that are shown to be clearly unjustified, or that have been made for an

27  improper purpose (e.g., to unnecessarily encumber or retard the case development

28  process, or to impose unnecessary expenses and burdens on other parties), expose

1    the Designating Party to sanctions.

2           If it comes to a Party's or a non-party's attention that information or

3    items that it designated for protection do not qualify for protection at all, or do not

4    qualify for the level of protection initially asserted, that Party or non-party must

5    promptly notify all other parties that it is withdrawing the mistaken designation.

6           4.2    <u>Manner and Timing of Designations</u>. Except as otherwise

7    provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

8    otherwise stipulated or ordered, material that qualifies for protection under this

9    Order must be clearly so designated before the material is disclosed or produced.

10          Designation in conformity with this Order requires:

11          (a)    <u>For information in documentary form</u> (apart from

12   transcripts of depositions or other pretrial or trial proceedings), that the Producing

13   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14   ATTORNEYS' EYES ONLY" at the top of each page that contains protected

15   material.  If only a portion or portions of the material on a page qualifies for

16   protection, the Producing Party also must clearly identify the protected portion(s)

17   (e.g., by making appropriate markings in the margins) and must specify, for each

18   portion, the level of protection being asserted (either "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

20          A Party or non-party that makes original documents or

21   materials available for inspection need not designate them for protection until after

22   the inspecting Party has indicated which material it would like copied and

23   produced.  During the inspection and before the designation, all of the material

24   made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

26   documents it wants copied and produced, the Producing Party must determine

27   which documents, or portions thereof, qualify for protection under this Order, then,

28   before producing the specified documents, the Producing Party must affix the

appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

Material.  If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s)

(e.g., by making appropriate markings in the margins) and must specify, for each

portion, the level of protection being asserted (either "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)    For testimony given in deposition or in other pretrial or

trial proceedings, that the Party or non-party offering or sponsoring the testimony

identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony, and further specify any portions of the

testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."  When it is impractical to identify separately each portion of testimony

that is entitled to protection, and when it appears that substantial portions of the

testimony may qualify for protection, the Party or non-party that sponsors, offers,

or gives the testimony may invoke on the record (before the deposition or

proceeding is concluded) a right to have up to 20 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level

of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

appropriately designated for protection within the 20 days shall be covered by the

provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be

separately bound by the court reporter, who must affix to the top of each such page

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the

witness or presenting the testimony.

(c)    For information produced in some form other than

[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

SF/1446574v1

documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

4.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2   Meet and Confer.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

1  opportunity to review the designated material, to reconsider the circumstances,

2  and, if no change in designation is offered, to explain the basis for the chosen

3  designation.  A challenging Party may proceed to the next stage of the challenge

4  process only if it has engaged in this meet and confer process first.

5         5.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to

6  a confidentiality designation after considering the justification offered by the

7  Designating Party may file and serve a motion under Local Rule 7 (and in

8  compliance with Local Rule 79-5, if applicable) that identifies the challenged

9  material and sets forth in detail the basis for the challenge.  Each such motion must

10  be accompanied by a competent declaration that affirms that the movant has

11  complied with the meet and confer requirements imposed in the preceding

12  paragraph and that sets forth with specificity the justification for the confidentiality

13  designation that was given by the Designating Party in the meet and confer

14  dialogue.

15         The burden of persuasion in any such challenge proceeding shall be

16  on the Designating Party.  Until the court rules on the challenge, all parties shall

17  continue to afford the material in question the level of protection to which it is

18  entitled under the Producing Party's designation.

19       6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

20         6.1   <u>Basic Principles</u> A Receiving Party may use Protected Material

21  that is disclosed or produced by another Party or by a non-party in connection with

22  this case only for prosecuting, defending, or attempting to settle this litigation.

23  Such Protected Material may be disclosed only to the categories of persons and

24  under the conditions described in this Order.  When the litigation has been

25  terminated, a Receiving Party must comply with the provisions of section 10,

26  below (FINAL DISPOSITION).

27         Protected Material must be stored and maintained by a Receiving

28  Party at a location and in a secure manner that ensures that access is limited to the

1    persons authorized under this Order.

2            6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u> Unless

3 otherwise ordered by the court or permitted in writing by the Designating Party, a

4 Receiving Party may disclose any information or item designated

5 CONFIDENTIAL only to:

6            (a)     the Receiving Party's Outside Counsel of record in this

7                action, as well as employees of said Counsel to whom it is

8                reasonably necessary to disclose the information for this

9                litigation;

10           (b)     the officers, directors, and employees (including House

11                Counsel) of the Receiving Party to whom disclosure is

12                reasonably necessary for this litigation;

13           (c)     experts (as defined in this Order) of the Receiving Party

14                to whom disclosure is reasonably necessary for this litigation

15                and who have signed an "Agreement to Be Bound by Protective

16                Order";

17           (d)     the Court and its personnel;

18           (e)     court reporters, their staffs, and professional vendors to

19                whom disclosure is reasonably necessary for this litigation and

20                who have signed an "Agreement to Be Bound by Protective

21                Order";

22           (f)     during their depositions, witnesses in the action to whom

23                disclosure is reasonably necessary and who have signed an

24                "Agreement to Be Bound by Protective Order."  Pages of

25                transcribed deposition testimony or exhibits to depositions that

26                reveal Protected Material must be separately bound by the court

27                reporter and may not be disclosed to anyone except as permitted

28                under this Stipulated Protective Order.

1      (g)    the author of the document or the original source of the

2  information.

3          6.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'</u>

4  <u>EYES ONLY" Information or Items</u> Unless otherwise ordered by the court or

5  permitted in writing by the Designating Party, a Receiving Party may disclose any

6  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

7  EYES ONLY" only to:

8      (a)    the Receiving Party's Outside Counsel of record in this

9  action;

10      (b)    House Counsel of a Receiving Party to whom disclosure

11  is reasonably necessary for this litigation;

12      (c)    Experts (as defined in this Order) (1) to whom disclosure

13  is reasonably necessary for this litigation, and (2) who have

14  signed an "Agreement to Be Bound by Protective Order";

15      (d)    the Court and its personnel;

16      (e)    court reporters, their staffs, and professional vendors to

17  whom disclosure is reasonably necessary for this litigation and

18  who have signed the "Agreement to Be Bound by Protective

19  Order"; and

20      (f)    the author of the document or the original source of the

21  information.

22          7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

23  <u>PRODUCED IN OTHER LITIGATION</u>

24      If a Receiving Party is served with a subpoena or an order issued in other

25  litigation that would compel disclosure of any information or items designated in

26  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

28  Party, in writing (by fax, if possible) immediately and in no event more than three

1   court days after receiving the subpoena or order.  Such notification must include a

2   copy of the subpoena or court order.

3          The Receiving Party also must immediately inform in writing the Party who

4   caused the subpoena or order to issue in the other litigation that some or all the

5   material covered by the subpoena or order is the subject of this Protective Order.

6   In addition, the Receiving Party must deliver a copy of this Stipulated Protective

7   Order promptly to the Party in the other action that caused the subpoena or order to

8   issue.

9          The purpose of imposing these duties is to alert the interested parties to the

10  existence of this Protective Order and to afford the Designating Party in this case

11  an opportunity to try to protect its confidentiality interests in the court from which

12  the subpoena or order issued.  The Designating Party shall bear the burdens and the

13  expenses of seeking protection in that court of its confidential material – and

14  nothing in these provisions should be construed as authorizing or encouraging a

15  Receiving Party in this action to disobey a lawful directive from another court.

16         8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17         If a Receiving Party learns that, by inadvertence or otherwise, it has

18  disclosed Protected Material to any person or in any circumstance not authorized

19  under this Stipulated Protective Order, the Receiving Party must immediately (a)

20  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

21  best efforts to retrieve all copies of the Protected Material, (c) inform the person or

22  persons to whom unauthorized disclosures were made of all the terms of this

23  Order, and (d) request such person or persons to execute and "Acknowledgment

24  and Agreement to Be Bound By Protective Order."

25         9.      FILING PROTECTED MATERIAL.  Without written permission

26  from the Designating Party or a court order secured after appropriate notice to all

27  interested persons, a Party may not file in the public record in this action any

28  Protected Material.  A Party that seeks to file under seal any Protected Material

1  must comply with Local Rule 79-5.

2       10.    **FINAL DISPOSITION.**  Unless otherwise ordered or agreed in

3  writing by the Producing Party, within sixty days after the final termination of this

4  action, each Receiving Party must return all Protected Material to the Producing

5  Party.  As used in this subdivision, "all Protected Material" includes all copies,

6  abstracts, compilations, summaries or any other form of reproducing or capturing

7  any of the Protected Material.  With permission in writing from the Designating

8  Party, the Receiving Party may destroy some or all of the Protected Material

9  instead of returning it.   Whether the Protected Material is returned or destroyed,

10 the Receiving Party must submit a written certification to the Producing Party (and,

11 if not the same person or entity, to the Designating Party) by the sixty day deadline

12 that identifies (by category, where appropriate) all the Protected Material that was

13 returned or destroyed and that affirms that the Receiving Party has not retained any

14 copies, abstracts, compilations, summaries or other forms of reproducing or

15 capturing any of the Protected Material.  Notwithstanding this provision, Counsel

16 are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

17 legal memoranda, correspondence or attorney work product, even if such materials

18 contain Protected Material.  Any such archival copies that contain or constitute

19 Protected Material remain subject to this Protective Order as set forth in Section 4

20 (DURATION), above.

21       11.    **MISCELLANEOUS**

22       11.1    **Right to Further Relief**.  Nothing in this Order abridges the

23 right of any person to seek its modification by the Court in the future.

24       11.2    **Right to Assert Other Objections**.  By stipulating to the entry of

25 this Protective Order no Party waives any right it otherwise would have to object to

26 disclosing or producing any information or item on any ground not addressed in

27 this Stipulated Protective Order.  Similarly, no Party waives any right to object on

28 any ground to use in evidence of any of the material covered by this Protective

1   Order.

2

3   **IT IS SO ORDERED.**

4

5   DATED:   May 6, 2008

6       _____

7                               MARC L. GOLDMAN
                                  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

SF/1446574v1